IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-436-BO-BM

JOE E. TEAGUE, JR. PE, CM )
        Plaintiff, )
         )
v. )   O R D E R
         )
ARTHUR L. GEPNER for CHEROKEE )
FEDERAL d/b/a/ CN3S, *et al.*, )
        Defendants. )

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Brian S. Meyers. [DE 5]. Plaintiff has responded in opposition and the matter is ripe for ruling. Also pending is plaintiff's motion to move case consideration forward. For the reasons that follow, the memorandum and recommendation is adopted, plaintiff's complaint is dismissed, and plaintiff's motion to move case consideration forward is denied as moot.

## BACKGROUND

Plaintiff, who proceeds *pro se*, initiated this action by filing a complaint and a motion to proceed *in forma pauperis*. [DE 1, 6]. Plaintiff seeks to be reinstated to his position as a civil engineer at MCAS Cherry Point. Plaintiff alleges that his employment was terminated and that the COVID-19 vaccine mandate was at the heart of the rush to terminate his contract. Plaintiff further alleges that the CN3S contract was aggressively opposed by defendant Gepner, who allegedly let the contract lapse on purpose. Plaintiff further alleges that his religious exemption to the vaccine mandate had been approved by Flux, but that Gepner may not have known about it. In the alternative to reinstatement, plaintiff seeks an award of at least $10 million. Plaintiff alleges no

specific cause of action, but in his civil cover sheet identified 42 U.S.C. § 1983 as the statute under which he filed his complaint.

The magistrate judge has recommended dismissal of plaintiff's complaint on multiple grounds. Plaintiff has filed objections to the memorandum and recommendation (M&R). Specifically, plaintiff contends that the magistrate judge does not know the extent of his complaint or the circumstances surrounding how his contract was ended, and further and that the North Carolina Division of Employment Security has awarded plaintiff maximum unemployment benefits meaning his claim is not frivolous. Plaintiff raises additional arguments related to his inability to file electronically in this district, a prior case that he filed in this district that is now closed, and the timing of the filing of the memorandum and recommendation.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); *see* 28 U.S.C. 636(b). Absent timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (quotation omitted).[1] A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a

---

[1] Plaintiff's objections to the M&R are untimely. [DE 5, 7]. However, because plaintiff asserts that he was not aware of the M&R until he checked PACER, the Court will consider his objections.

2

magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023).

Plaintiff objects by asserting that his contract at Cherry Point was terminated on December 13, 2021, with no reason given except for the timing of the COVID vaccine mandate. Plaintiff contends that he had received a religious exception to the vaccine mandate and that Cherokee Federal without notice or cause ended his contract. [DE 7]. Plaintiff does not lodge any specific factual or legal objection to the magistrate judge's conclusions. However, having reviewed the grounds *de novo*, the Court agrees with the decision of the magistrate judge.

A claim pursuant to 42 U.S.C. § 1983 may not be brought against a federal contractor, as Cherokee Federal appears to be, because § 1983 applies only to persons acting under color of state law. *D.C. v. Carter*, 409 U.S. 418, 424 (1973); *Irving v. PAE Gov't Servs., Inc.*, 249 F. Supp. 3d 826, 835 (E.D. Va. 2017). Plaintiff further cannot file a *Bivens*[2] claim against a federal contractor. *Irving*, 249 F. Supp. 3d at 836 n.9; *see also Carr v. United States*, No. 4:17-CV-167-D, 2018 WL 5074671, at *3 (E.D.N.C. Oct. 17, 2018) (discussing limited availability of *Bivens* actions).

Though plaintiff has not cited the First Amendment in his complaint, to the extent he attempts to bring a Free Exercise claim arising from the vaccine mandate, the complaint fails to allege any facts which would show that defendants could be considered state actors for purposes of a First Amendment claim. *See Ciraci v. J.M. Smucker Co.*, 62 F.4th 278, 281 (6th Cir. 2023) (federal contractor not a state actor for purposes of First Amendment claim arising from COVID-19 vaccine mandate); *Anderson v. United Airlines, Inc.*, No. 23 C 989, 2023 WL 5721594, at *9 (N.D. Ill. Sept. 5, 2023) (dismissing COVID-19 vaccine mandate claim because plaintiff had not sufficiently alleged that private entity could be held liable under either § 1983 or *Bivens*).

---

[2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

3

Nor does plaintiff clarify that he brings his claim under Title VII of the Civil Rights Act of 1964 and has first presented his claim to the appropriate administrative agency. That the North Carolina Division of Employment Security has awarded plaintiff unemployment benefits has no bearing on whether his claim or claims in this case should survive review pursuant to 28 U.S.C. § 1915(e), and, finally, the M&R has correctly concluded that the complaint alleges no conduct by any of the named defendants except Mr. Gepner and further that a decision by the New York Supreme Court cited by plaintiff is neither binding on nor persuasive to this Court regarding plaintiff's claims.

Plaintiff's remaining objections concerning the timing of the filing of the M&R, his experience in a prior case in this district, and his ability to electronically file documents on the Court's electronic filing system are not relevant to the magistrate judge's decision. Accordingly, plaintiff's objections to the M&R are overruled and the M&R is adopted in full.

## CONCLUSION

For the foregoing reasons, the M&R is ADOPTED in full and plaintiff's complaint [DE 6] is DISMISSED as frivolous and for failure to state a claim. Plaintiff's motion to move case forward [DE 4] is DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this __18__ day of January 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:22-cv-00436-BO-BM   Document 8   Filed 01/19/24   Page 4 of 4