IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-436-BO-BM

| | |
|---|---|
| JOE E. TEAGUE, JR. PE, CM )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARTHUR L. GEPNER for CHEROKEE )<br>FEDERAL d/b/a/ CN3S, *et al.*, )<br>Defendants. ) | O R D E R |

This cause comes before the Court on plaintiff's motion to reconsider its order adopting the memorandum and recommendation of Magistrate Judge Meyers and dismissing his complaint. [DE 10]. In light of plaintiff's *pro se* status, the Court construes plaintiff's motion as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Plaintiff filed this complaint seeking to be reinstated to his position as a civil engineer on a contract at MCAS Cherry Point. Plaintiff alleged that his employment was terminated and that the COVID-19 vaccine mandate was at the heart of the rush to terminate his contract. Plaintiff alleged that the CN3S contract was aggressively opposed by defendant Gepner, who allegedly let the contract lapse on purpose. Plaintiff further alleged that his religious exemption to the vaccine mandate had been approved by Flux, but that Gepner may not have known about it when plaintiff's employment contract was terminated.

By order entered January 19, 2024, this Court adopted the recommendation of the magistrate judge and dismissed plaintiff's complaint as frivolous and for failure to state a claim upon which relief could be granted. [DE 9]. Plaintiff filed the instant motion seeking reconsideration on January 31, 2024.

## DISCUSSION

A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). Reconsideration of a judgment is an extraordinary remedy, *Pac. Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), and the decision to alter or amend a judgment is committed to the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not previously available; or (3) that the court has committed a clear error of law or manifest injustice. *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). A party may not use a Rule 59(e) motion to raise arguments which could have been raised prior to entry of judgment or argue a novel legal theory that was previously available. *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation and citation omitted). Disagreement with the judgment is not grounds for relief under Rule 59(e). *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Additionally, "[a] motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink' what the Court ha[s] already thought through–rightly or wrongly." *United States v. Overcash*, 3:15-cr-263-FDW-1, 2019 U.S. Dist. LEXIS 87566, at *2 (W.D.N.C. May 24, 2019) (quoting *United States v. Dickerson*, 971 F. Supp. 1023, 104 (E.D. Va. 1997)).

In his motion, plaintiff asks the Court to "give this matter a re-read and not be lost in procedure." [DE 10 p. 1]. Plaintiff reiterates his arguments that his case has merit because he received unemployment benefits, that he did not receive the memorandum and recommendation, and that his employment contract was terminated because of the COVID vaccine mandate. Plaintiff further cites the time that his complaint was pending prior to the recommendation that it be

dismissed and notes that non-attorneys should be permitted to serve as judges. Plaintiff further seeks an *ex parte* hearing. Plaintiff has attached to his motion a blog post addressing the timing provisions of Federal Rule of Appellate Procedure 4.

Plaintiff has identified no new evidence, no change in controlling law, and no clear error or manifest injustice in the Court's decision to dismiss his complaint. Plaintiff plainly asks the Court to rethink what it has already thought through, which it cannot appropriately do. As concerns plaintiff's arguments regarding notice, the Court notes that it fully considered his objections to the memorandum and recommendation and that this motion was timely filed.

## CONCLUSION

In sum, plaintiff has not demonstrated that he is entitled to relief. Accordingly, for the foregoing reasons, plaintiff's motion [DE 10] is DENIED.

SO ORDERED, this 26 day of April 2024.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE